IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| STEPHANIE D. SUMNER, ) | |
| ) | |
| Plaintiff, ) | Jury Demand |
| ) | |
| V. ) | Civil Action No. |
| ) | |
| BELK DEPARTMENT STORES, LP ) | Judge _____ |
| and BETH HARRIS, individually, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, STEPHANIE D. SUMNER, brings this action pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601, *et seq.* – hereinafter called the "FMLA"). Ms. Sumner alleges, among other claims, that the Defendants violated the Act by demoting her employment based, in part, on her taking medical leave required by the terminal illness of her father and by her serious health condition. She requests damages, interest and liquidated damages arising from her demotion and constructive discharge from employment with Defendants in violation of the FMLA, and to the award of such other equitable relief as is found by the Court to be appropriate and due under the Act.

1. Jurisdiction of this action is conferred upon the Court by 29 U.S.C. § 2617 (a).

2. At all times hereinafter mentioned, Plaintiff STEPHANIE D. SUMNER was residing with her family in Kingston, Roane County, Tennessee.

3. Defendant, BELK DEPARTMENT STORES, LP, (hereinafter "BELK") is and at all times hereinafter mentioned was a foreign partnership with an office and place of business at 377 West Jackson Drive, Cookeville, Tennessee, 38501, within the jurisdiction of this Court, and

is and at all times hereinafter mentioned was engaged in sale of consumer goods and related activities.

4. Defendant BETH HARRIS, an individual, was at all times relevant to this complaint employed at BELK as Store Manager. She conducted business within the jurisdiction of this Court, and at all times hereinafter mentioned acted individually, and as agent and employee, directly or indirectly in the interest of BELK in relation to its employees.

5. Defendants are, and at all times hereinafter mentioned were, engaged in commerce or in an industry or activity affecting commerce; and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year; and are employers within the meaning of the FMLA (29 U.S.C. § 2611(4)).

6. At all times hereinafter mentioned, Defendants employed STEPHANIE D. SUMNER at their Oak Ridge, Tennessee work site. Said work site employed 50 or more employees or was part of a series of work sites within a 75-mile radius with total employment of 50 or more employees.

7. STEPHANIE D. SUMNER started working at BELK in December 2007 as manager of the Lancôme counter in the Oak Ridge, Tennessee store.

8. On several occasions starting in November 2009, employee STEPHANIE D. SUMNER requested leave to care for her father. Her father needed her care because of his serious health condition which was diagnosed as terminal cancer. STEPHANIE D. SUMNER needed time off from work on an intermittent basis to care for her father until his death on April 26, 2010.

9. The illness of STEPHANIE D. SUMNER's father in November 2009 until his death in April 2010 was a serious health condition. STEPHANIE D. SUMNER requested

FMLA leave to care for her father. At the time of said request for leave, employee STEPHANIE D. SUMNER had been employed by Defendants for at least 12 months and had performed at least 1,250 hours of service with Defendants during the previous 12-month period and thus was entitled to leave as provided for under the FMLA.

10. On or about April 4, 2010, Defendants substantially decreased STEPHANIE D. SUMNER'S wages because she took FMLA leave to care for her terminally ill father.

11. STEPHANIE D. SUMNER objected to this violation of her FMLA rights.

12. On or about April 13, 2010, STEPHANIE D. SUMNER'S father's health condition deteriorated to the extent that he required hospitalization, and it was necessary for her to request FMLA leave to care for him every day.

13. After STEPHANIE D. SUMNER started the FMLA leave on April 13, 2010, to care for her father, Defendants terminated her position as manager of the Lancôme counter, replaced her with another employee, and transferred her to another department in the store. They took these actions without notifying her, and because she had taken FMLA leave to care for her father.

14. STEPHANIE D. SUMNER'S father died April 26, 2010.

15. On or about April 26, 2010, and thereafter, employee STEPHANIE D. SUMNER requested leave for her own serious health condition.

16. STEPHANIE D. SUMNER had a serious health condition requiring that STEPHANIE D. SUMNER take FMLA leave starting April 26, 2010. At the time of said request for leave, employee STEPHANIE D. SUMNER had been employed by Defendants for at least 12 months and had performed at least 1,250 hours of service with Defendants during the previous 12-month period and thus was entitled to leave as provided for under the FMLA.

17. Because of the reduction in pay, demotion, and transfer, Defendants did not return STEPHANIE D. SUMNER to her same or equivalent job at the end of her FMLA leave.

18. On or about May 3 and May 5, 2010, Defendants notified STEPHANIE D. SUMNER of her demotion to a non-manager in a different department. STEPHANIE D. SUMNER objected to this violation of her FMLA rights.

19. Defendants did not notify STEPHANIE D. SUMNER of her rights and obligations under the FMLA.

20. On or about May 25, 2010, STEPHANIE D. SUMNER returned to work at Belk.

21. Defendants' demotion of STEPHANIE D. SUMNER, reduction in pay, and other violations of the FMLA forced STEPHANIE D. SUMNER to terminate her employment on or about June 25, 2010.

22. If STEPHANIE D. SUMNER had been restored in May 2010 to her same or equivalent job, she would not have been constructively discharged from her employment.

23. Defendants discouraged and interfered with STEPHANIE D. SUMNER's taking of FMLA leave necessitated by the need to care for her father during his serious health conditions and by her serious health condition.

24. Defendants are employers subject to the provisions of the FMLA.

25. Defendants have violated the provisions of the FMLA (29 U.S.C. §§ 2614 and 2615) in that they interfered with, restrained, or denied employee STEPHANIE D. SUMNER the exercise of rights provided under the FMLA.

26. Defendants have violated the provisions of the FMLA (29 U.S.C. §§ 2614 and 2615) in that they demoted, reduced pay, constructively discharged, and otherwise discriminated

against employee STEPHANIE D. SUMNER for opposing practices made unlawful by the FMLA.

27. Defendants have violated the provisions of the FMLA (29 U.S.C. §§ 2614 and 2615) in that they discharged and otherwise discriminated against employee STEPHANIE D. SUMNER for giving information in connection with an inquiry or proceeding relating to rights provided by the FMLA.

28. Defendants' violations of the FMLA were not in good faith.

29. Defendants had no reasonable grounds to believe that their acts and omissions did not violate the FMLA.

30. As a result of the Defendants' unlawful actions, STEPHANIE D. SUMNER has been deprived of her gainful employment.

WHEREFORE, cause having been shown, Plaintiff respectfully requests that the court:

1. Declare Defendants' conduct to be in violation of STEPHANIE D. SUMNER's rights under the FMLA.

2. Permanently enjoin Defendants, BELK's owners, officers, management personnel, employees, agents, attorneys, successors, and assigns, and those acting in concert with them, from any conduct violating STEPHANIE D. SUMNER's rights under the FMLA.

3. Grant judgment in favor of Plaintiff and against Defendants for damages resulting from Defendants' violation of the FMLA, plus interest on this amount calculated at the prevailing rate, as provided in 29 U.S.C. § 2617(a)(1)(A)(i and ii).

4. Grant judgment in favor of Plaintiff and against Defendants for an additional amount as liquidated damages equal to the sum of the compensation amount plus interest described in the preceding paragraph, as provided in 29 U.S.C. § 2617(a)(1)(A)(iii).

5. Grant judgment in favor of Plaintiff and against Defendants for such equitable relief as may be appropriate, including employment, promotion, , reinstatement, back pay, or front pay in lieu of reinstatement, and any other relief necessary to make the Plaintiff whole, as provided in 29 U.S.C. § 2617(a)(1)(B).

6. Grant Plaintiff her costs in bringing this action, including reasonable attorney's fees and reasonable expert witness fees.

7. Grant such other and further relief as to the Court seems just and proper.

Plaintiff further demands a jury trial of this cause.

Respectfully submitted,

_(signature)_
William Bush, BPR No. 006052
Attorney at Law
Legal Aid Society of Middle TN & the Cumberlands
9 S. Jefferson Ave., Ste. 102
Cookeville, TN 38501
(931) 528-7436

_(signature)_
Richard K. Evans, BPR No. 001040     By William Bush
Attorney at Law                      with permission
1000 Waterford Pl., Ste. 200
P.O. Box 777
Kingston, TN 37763
(865) 376-5353